UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN THOMPSON, | Civil No. 08cv0426-LAB(RBB) |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. NO. 2];** |
| SOCIAL SECURITY, | **(2) DIRECTING UNITED STATES MARSHAL TO EFFECT SERVICE OF PROCESS; AND** |
| Defendants. | **(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 3]** |

On March 6, 2008, Plaintiff Lynn Thompson submitted a civil complaint [doc. no. 1] against Defendant Social Security Administration ("SSA"). Plaintiff asserts that the "downtown social security off[ice] has refused to give me an appeal." (Compl. 1.) Thompson also asserts that she was improperly given overpayments that she is unable to repay. (Id.) Finally, she complains that she was supposed to receive an increase in benefits this year, but she did not receive the full increase to which she is entitled. (Id.)

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed a Motion to Proceed In Forma Pauperis [doc. no. 2]. Under 28 U.S.C. § 1915, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C.A § 1915(a)(1) (West 2006). Thompson alleges that her only source of income is social security benefits. (IFP Mot. 2.) She is not currently employed and does not own any significant assets. (Id. at 2-3.)

Given these circumstances, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. See 28 U.S.C. § 1915(a)(1). The United States Marshal shall serve a copy of the Complaint, summons, and Order Granting Application to Proceed In Forma Pauperis upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. See id. § 1915(d). All costs of service shall be advanced by the United States.

Plaintiff shall serve on Defendant or, if appearance has been entered by counsel, on Defendant's counsel, a copy of every further pleading or document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or counsel for Defendant and the date of service.

//

//

**II. MOTION FOR APPOINTMENT OF COUNSEL**

Thompson has also filed a Motion for Appointment of Counsel [doc. no. 3]. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West 2006). Yet, "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994); Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir. 1990)). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in United States Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."

Agyeman, 390 F.3d at 1104 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1332 (9th Cir. 1986)).

1    Plaintiff's Motion for Appointment of Counsel does not provide
2 the Court with exceptional circumstances that would warrant the
3 appointment of counsel in this case.  Thompson has not shown a
4 likelihood of success on the merits of her claim.  The Complaint is
5 a one-page document which alleges that the SSA "refused to give
6 [Plaintiff] an appeal" but does not provide any detail regarding
7 this claim.  (Compl. 1.)  Thompson does not identify what decision
8 she is trying to appeal to the SSA or when any appeal was denied.
9 She further alleges that she should have received a twenty-dollar
10 increase in her benefits this year, but instead she only received a
11 fourteen-dollar increase.  (Id.)  The Complaint does not include
12 any facts demonstrating that Plaintiff was entitled to the increase
13 she claims.  Accordingly, the likelihood of success at this point
14 is questionable.  The Court cannot conclude, however, that the
15 issues in the case are sufficiently complex to justify appointment
16 of counsel.

17    Thompson's only apparent reason in support of her request for
18 counsel is that she is unemployed and her only source of income is
19 social security benefits, and accordingly she cannot afford to hire
20 a lawyer.  (See Mot. for Counsel 5-6.)  But indigence alone does
21 not entitle a plaintiff to appointed counsel.  Plaintiff's Motion
22 for Appointment of Counsel is **DENIED** without prejudice.
23    **IT IS SO ORDERED.**

25 Dated: April 4, 2008

_____
RUBEN B. BROOKS
United States Magistrate Judge

27 cc: Judge Burns
      All Parties of Record